36 F.3d 127
 308 U.S.App.D.C. 313
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
William C. LATHAM, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD; and Federal Aviation
Administration, Administrator, Respondents.
 No. 93-1436.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 29, 1994.
 
 Before: GINSBURG, SENTELLE and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This petition for review was considered on the record from the National Transportation Safety Board and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the petition for review from the National Transportation Safety Board's order filed April 28, 1993, be denied for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 The National Transportation Safety Board's ("Board") decision to suspend Latham's license for 30 days is supported by substantial evidence. See Throckmorton v. NTSB, 963 F.2d 441, 444 (D.C.Cir.1992). Both the administrative law judge ("ALJ") and the Board relied on the testimony of several witnesses with direct knowledge of the incident. In addition, the testimony of the Administrator's witnesses clearly demonstrates that the air traffic controllers carefully tracked Latham's aircraft from the time it entered the Detroit Traffic Control Area until it landed at the Cuyahoga Airport.
 
 
 5
 The Board also properly determined it need not draw an adverse inference against the Administrator because he failed to preserve computer tracking data which could have established the precise location of the aircraft. See International Union (UAW) v. NLRB, 459 F.2d 1329 (D.C.Cir.1972). There is no evidence that these data were purposefully withheld or that they would have weakened the Administrator's position. Furthermore, the other testimony and data clearly reveal that such evidence was unnecessary.
 
 
 6
 Finally, the ALJ's credibility determinations are supported by the record. The ALJ articulated her reasons for crediting the Administrator's witnesses and there is no compelling reason for the Board to overturn that determination.